UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

**ELLORA'S CAVE PUBLISHING, INC.**
and
**JASMINE-JADE ENTERPRISES, LLC**

   Plaintiffs,

  v.

**DEAR AUTHOR MEDIA NETWORK, LLC**
and
**JENNIFER GERRISH-LAMPE**

   Defendants.

Case No:  5:14-cv-02331

## DEFENDANT DEAR AUTHOR MEDIA NETWORK, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

  Defendant Dear Author Media Network, LLC ("Dear Author") responds to Plaintiffs Ellora's Cave Publishing, Inc. and Jasmine-Jade Enterprises, LLC's Complaint as follows:

1.  Dear Author is without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

2. Dear Author is without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

3. Admitted.

4. Admitted.

5. Denied as an erroneous legal conclusion and without factual foundation.

6. Denied as an erroneous legal conclusion and without factual foundation.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted that Defendant Lampe authored an article entitled "The Curious Case of Ellora's Cave," which was published on the blog *Dear Author*, which is owned and operated by Dear Author. Denied as to the defined term "Libelous Publication" as an erroneous legal conclusion without factual foundation.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Dear Author is without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

16. Dear Author is without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

17. Dear Author is without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

18. Dear Author is without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

19. Dear Author is without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

### First Claim

### (Injunctive Relief)

20. Calls for no response from Dear Author.
21. Denied.
22. Denied.
23. Denied.
24. Denied.
25. Calls for no response from Dear Author.

### Second Claim

### (Defamation-Libel)

26. Calls for no response from Dear Author.
27. Denied.
28. Dear Author is without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.
29. Denied.
30. Dear Author is without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.
31. Denied as an erroneous legal conclusion and without factual foundation.

### Third Claim

### (Defamation-Libel Per Se)

32. Calls for no response from Dear Author.

3

33. Denied.
34. Denied as opinion.
35. Dear Author is without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.
36. Denied as an erroneous legal conclusion without factual foundation.
37. Denied.
38. Dear Author is without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.
39. Denied as an erroneous legal conclusion without factual foundation.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### Immunity Under the Communications Decency Act, 47 U.S.C. § 230

1. Defendant Dear Author is a provider of interactive computer services as defined in 47 U.S.C. § 230(f)(2).
2. Dear Author neither created nor authored the content of any of the statements complained of in Plaintffs' Complaint.
3. Under 47 U.S.C. § 230(c)(1), Dear Author cannot be treated as the publisher of the above complained-of statements, and thus cannot be held liable, either at law or in equity, for the contents of the statements.

### Second Affirmative Defense
### Truth

1. Although the burden of proof for falsity is upon Plaintiffs, as applied to Plaintiffs' claims for defamation, Dear Author avers that all statements allegedly made by Dear Author complained of by Plaintiffs are true.

4

2. Any complained-of statements allegedly made by Dear Author that may happen to lack 100% factual veracity are substantially true, and thus treated as true as a matter of law.

3. As truth is an absolute defense to defamation, Dear Author cannot be liable for Plaintiffs' defamation claims.

### Third Affirmative Defense
### Substantial Truth

1. Any statements allegedly made by Dear Author complained of by Plaintiffs that are not literally true are substantially true, in that the "gist" or "sting" of the article is true.

2. As substantial truth is a defense to claims for defamation, Dear Author cannot be liable for Plaintiffs' defamation claims.

### Fourth Affirmative Defense
### Qualified Privilege

1. All allegedly actionable statements were subject to qualified privilege as they were directed to parties having a common interest in the subject matter of the statements, particularly authors who either had a contractual relationship with Plaintiffs or who were contemplating one.

2. All allegedly actionable statements were subject to qualified privilege as they were made in the course of a justifiable exercise of a moral obligation, free of improper motive or malice.

3. All allegedly actionable statements were subject to qualified privilege as they were fair comment and criticism of Defendants' business practices, matters of significant public and social interest.

RANDAZZA | LEGAL GROUP

### Fifth Affirmative Defense
### Failure To State A Claim

1. Plaintiffs have failed to sufficiently plead the elements of a cause of action for libel.
2. Plaintiffs have failed to sufficiently plead the elements of a cause of action for libel per se.

### Sixth Affirmative Defense
### Failure To Join an Indispensable Party

1. Plaintiffs have failed to join an indispensable party, Tina Engler, in their Complaint.
2. Tina Engler is an indispensable party because Plaintiffs' Complaint identifies allegedly defamatory statements about her allegedly made by Dear Author.
3. Engler is also an indispensable party because many of the allegedly defamatory statements identified in the Complaint attribute Plaintiffs' declining business performance to the actions of Engler.
4. In Engler's absence, the Court cannot afford complete relief among Plaintiffs and Dear Author.
5. Because the allegations in Plaintiffs' Complaint would also entitle Engler to bring an action against Dear Author for the same statements identified in the Complaint, not including Engler in this litigation would potentially make Dear Author subject to a substantial risk of incurring multiple or otherwise inconsistent obligations.

### Seventh Affirmative Defense
### Lack of Actual Malice

1. Plaintiffs are general purpose public figures, or at least public figures in the context of Adult Romance publishers.  Accordingly, their defamation

6

claims are subject to the "actual malice" standard set forth in *New York Times Co. v. Sullivan*, which requires that the defendant made the allegedly defamatory statements with "knowledge that [they were] false or with reckless disregard of whether [they were] false or not."  376 U.S. 254, 280  (1964).

2. Dear Author at no point harbored any doubt as to the truth of the complained of statements, and had no reason to doubt their accuracy.

3. As actual malice is a requirement to establish liability for defamation in these circumstances, Dear Author cannot be liable for Plaintiffs' defamation claims.

Dated October 22, 2014          Respectfully Submitted,

s/Marc J. Randazza
Marc J. Randazza, Esq.
Admitted N.D. Ohio
Nevada Bar No.: 12265
California Bar No.: 269535
Florida Bar No.: 625566
Massachusetts Bar No.: 651477
Arizona Bar No.: 27861
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive, Suite 150
Las Vegas, Nevada 89135
Tele:  702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

Victoria L. Serrani
Ohio Bar No. 0085012
BRENNAN, MANNA & DIAMOND, LLC
75 East Market Street
Akron, OH 43215
Tele:  330-374-5184
Fax: 330-253-1977
Email: vlserrani@bmdllc.com

ATTORNEYS FOR DEFENDANT
*Dear Author Media Network, LLC*

CASE NO.: 5:14-cv-02331

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon: Steven W. Mastrantonio, Esq., counsel for Plaintiffs, via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ *Alex Shepard*
Employee of
Randazza Legal Group

RANDAZZA | LEGAL GROUP