UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELLORA'S CAVE PUBLISHING, INC., et al., | CASE NO. 5:14CV2331 |
| Plaintiffs, | JUDGE JOHN R. ADAMS |
| vs. | |
| DEAR AUTHOR MEDIA NETWORK, LLC, et al., | **MEMORANDUM, OPINION, AND ORDER** |
| Defendants. | |

Pending before this Court is Plaintiffs' Motion for Remand to State Court. Doc. 12. For the following reasons, the motion is DENIED.

## I. FACTS AND PROCEDURAL HISTORY

On September 26, 2014, Plaintiffs filed their Complaint and Motion for Temporary Restraining Order ("TRO") in the Court of Common Pleas in Summit County, Ohio. Doc. 1-1. It appears undisputed that Defendants retained counsel two days later, and the court conducted an initial conference on the motion – just two days after defense counsel was retained. Through an agreed order, the parties stipulated to a continuance of the TRO hearing and agreed that a preliminary injunction hearing would be scheduled for October 27, 2014. Doc. 12 at 3; Doc. 14 at 2. However, on October 20, Defendants removed the case to federal jurisdiction. Doc. 1.

Plaintiffs then filed a second motion for TRO in this Court. Doc. 5. They subsequently moved for a continuance of the TRO hearing and filed the underlying motion to remand the case back to state court, alleging that Defendants had waived their right of removal. Doc. 12.

1

**II.     RIGHT OF REMOVAL**

"The right of removal of a suit from state court to federal court is a statutory right." *Regis Associates v. Rank Hotells (Management) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990), *citing* 28 U.S.C. §1441. "A defendant is entitled to have the suit removed to a proper federal court as a matter of right, on complying with the conditions prescribed by statute. If the requirements of the removal statute are met, the right to removal is absolute." *Id.*

"Although the right to remove can be waived, the case law makes it clear that such waiver must be clear an unequivocal." *Id.*; *City of Cleveland v. Ameriquest Mortgage Securities, Inc.*, 615 F.3d 496, 501 (6th Cir. 2010), *citing Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 Fed. Appx. 884, 886 (6th Cir. 2009). "In determining what acts constitute a "clear and unequivocal" intent to waive a right to remove, courts have generally found that preliminary matters, such as filing an answer, will not suffice." *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.,* 631 F. Supp. 171 (W.D. Tenn. 1986), *citing, e.g., Estevez-Gonzales v. Kraft, Inc.,* 606 F.Supp. 127 (S.D.Fla.1985) (answer, motion for extension of time, service of interrogatories); *Gore v. Stenson,* 616 F.Supp. 895 (S.D.Tex.1984) (answer); *Adams v. Lederle Laboratories,* 569 F.Supp. 234 (W.D.Mo.1983) (motion to set aside class certification); *Bedell, supra* (motion to abate and dismiss); *Beasley, supra* (motion to vacate temporary restraining order); *Haun v. Retail Credit Co.,* 420 F.Supp. 859 (W.D.Pa.1976) (answer); *Baker v. National Boulevard Bank,* 399 F.Supp. 1021 (N.D.Ill.1975) (motion to vacate preliminary injunction); *Kemp v. Utah Constr. & Mining Co.,* 225 F.Supp. 250 (D.Or.1963) (motion for change of venue).

However, "affirmative defensive actions, such as filing of cross-claims or permissive counterclaims, have been found to waive a defendant's right to remove." *Bolivar Sand Co., Inc.,* 631 F.Supp. at 173, *citing, e.g., Harris v. Brooklyn Dressing Corp.,* 560 F.Supp. 940

(S.D.N.Y.1983) (permissive counterclaim); *George v. Al-Saud,* 478 F.Supp. 773 (N.D.Cal.1979) (permissive counterclaim); *Baldwin v. Perdue, Inc.,* 451 F.Supp. 373 (E.D.Va.1978) (cross-claim). Actions that may result in a disposition on the merits of the state court action, in whole or in part, have also been found to evidence the requisite intent. *See, e.g., Kiddie Rides USA, supra* (motion to vacate order of attachment); *In re 73rd Precinct Station House,* 329 F.Supp. 1175 (E.D.N.Y.1971) (motion to vacate notice of taking); *Southwest Truck Body Co. v. Collins,* 291 F.Supp. 658 (W.D.Mo.1968) (petition for writ of prohibition following denial of motions to quash contempt citations and to dissolve injunction).

> The critical factor in determining whether a particular defensive action in the state court should operate as a waiver of the right to remove is the defendant's intent in making the motion. If the motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has occurred. On the other hand, if a motion seeks a disposition, in whole or in part, of the action on its merits, the defendant may not attempt to invoke the right to remove after losing on the motion.

*Bolivar Sand Co., Inc.*, 631 F.Supp. at 173.

### III. ANALYSIS

In this case, Plaintiffs argue that Defendants have waived their right to removal by: 1) signing a stipulation to continue the TRO hearing; 2) seeking *pro hac vice* admission to the state court; 3) serving subpoenas; 4) requesting depositions of the Plaintiffs before the TRO hearing; and 5) procuring declarations from third-party witnesses. Doc. 12 at 5. None of these actions demonstrated that Defendants had a clear and unequivocal intent to waive their right to removal nor did these actions request the state court to dispose of the matter on its merits.

Specifically, Plaintiffs argue that Defendants expressly agreed to be bound by the state court when they signed a stipulated order, which read:

3

> 2. In lieu of a hearing on the issues on September 30, 2014, the parties agreed to a full airing of the issues at a preliminary injunction hearing to be held starting at 9 a.m. on Monday, October 27, 2014….

Doc. 12 at 3. Plaintiffs also point to paragraphs three and four of the stipulation, which outline certain agreements the parties made as to online communications and initial discovery pending the preliminary injunction hearing. All paragraphs highlighted by Plaintiffs are in furtherance of maintaining the status quo until the parties could litigate the motion for preliminary injunction. The stipulation was reached four days after the Complaint was filed and just 48 hours after defense counsel was hired. The stated purpose of the stipulation was to continue the TRO hearing and allow the parties additional time to prepare for the injunction hearing. As such, the stipulation set parameters for party conduct and discovery efforts until the injunction hearing was litigated a month later.

This stipulation was procedural and did not demonstrate an intent on behalf of the Defendants to waive their right to removal. Likewise, it did not request the state court to make a decision on the merits of the case.

Plaintiffs' remaining arguments of seeking *pro hac vice* admission, serving subpoenas, requesting depositions prior to the injunction hearing, and procuring witness declarations are all procedural efforts that did not request the state court to decide the merits of the case and did not demonstrate a clear and unequivocal intent to waive the right to removal. Furthermore, the notice of removal was filed just three weeks after the filing of the Complaint and is, therefore, timely.

### IV. CONCLUSION

The Court hereby DENIES Plaintiffs' motion to remand the underlying case to state court.

IT IS SO ORDERED.

DATED: <u>January 6, 2015</u>　　　　　　　　　*/s/ John R. Adams*
　　　　　　　　　　　　　　　　　　　　　　　Judge John R. Adams
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT