UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ellora's Cave Publishing, Inc., et al., | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO. 5:14CV02331 |
| vs. | ) | |
| | ) | **CASE MANAGEMENT PLAN** |
| Dear Author Media Network, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

1. The Case Management Conference was conducted on <u>January 26, 2015</u>.

2. After consultation with the parties and counsel, the Court determined that this case will proceed on the <u>STANDARD</u> track.

3. The case was referred to Alternative Dispute Resolution (ADR):

   Yes _____    No  <u>XXX</u>    Decision delayed _____

   If yes, by the following ADR process:   Early Neutral Evaluation / Mediation / Arbitration / Summary Jury Trial / Summary Bench Trial.

4. The parties did not timely consent to the jurisdiction of a United States Magistrate Judge as required by the Court's scheduling order.

5. **Preliminary Discovery cutoff date:**   <u>July 15, 2015</u>

   Discovery shall be conducted according to the guidelines set forth in Local Rule 26.1 and according to this Case Management Plan. **Stipulations or agreements by counsel to extend deadlines will not be grounds for extending limitations set in the CMC**.

**Expert Discovery**: On or before____, the plaintiff(s) shall identify its retained expert witness(es) and provide opposing counsel with a written expert report(s).

The defendant(s) shall identify its retained expert(s), if any, and submit an opposing written report(s) to opposing counsel on or before____.

A party may take a discovery deposition of its opponent's expert witness only after the exchange of reports has occurred. The discovery depositions of an opponent's expert witness shall be completed on or before end of discovery. If a party chooses not to use its own expert witness, it will be permitted to take the discovery deposition of its opponent's expert witness only after submitting a written statement advising the Court and opposing counsel to that effect.

A party may not call an expert witness to testify unless a written report prepared and signed by the witness has been procured and provided to opposing counsel. The report shall contain a complete statement of all opinions of the expert as to each issue on which he/she will testify and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. An expert will not be permitted to testify or provide opinions on issues not raised in his/her report.

**Discovery Materials**: No discovery materials shall be filed without leave of Court, except as necessary to support dispositive motions. If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition. In any

event, discovery material submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

**Discovery disputes**: Counsel should comply with Local Rule 37.1 before filing discovery motions.

**Witnesses**: No later than the closing date of discovery, each party shall provide all opposing counsel with a list of witnesses who are expected to be called at trial. Each attorney shall have a continuing obligation to supplement this list immediately upon learning of any additional witnesses. No witness will be permitted to testify unless his or her name is provided to opposing counsel at least ninety (90) days before trial or the closing date of discovery, whichever is later.

6. **Dispositive motions deadline**: <u>September 1, 2015</u>.

**Briefing schedule**: Counsel are directed to follow the briefing schedule set forth at Local Rule 7.1 (d) and (e) for dispositive motions. That is, each party shall serve and file a memorandum in opposition to a dispositive motion within thirty (30) days after service of the motion. The moving party may serve and file a reply memorandum in support of its motion within fourteen (14) days after service of the memorandum in opposition. Pursuant to Fed. R. Civ. P. 6(d), three (3) days shall be added to the prescribed period if service is by mail. <u>No surreplies will be permitted absent advance leave of Court</u>.

**Page Limitations**: The Court will strictly enforce provisions regarding length of memoranda filed in support of motions. <u>See</u> Local Rule 7.1(f). Motions for relief from the length restrictions must show good cause for such relief and must be made sufficiently in advance to permit the Court to rule and the Clerk's Office to issue the ruling by regular mail. Motions for relief from length restrictions which are filed contemporaneously with the memorandum exceeding the page limits <u>will be denied</u>. In no event shall the request to exceed page limitations extend the time for filing of the underlying memorandum.

**Courtesy copies:** Chambers <u>will not accept</u> courtesy copies of pleadings or memoranda unless expressly requested by the Court. <u>Exception</u>: Any pleading or memoranda not filed electronically and due <u>within two (2) business days</u> of a conference/hearing/trial shall be <u>faxed</u> to the Court as well as opposing counsel on the same day it is filed. The Court's fax number is **330-252-6077.**

7. The deadline for amending pleadings and adding parties: <u>February 25, 2015</u> .

8. A **Status Conference**, at which time the trial and final pretrial conference dates may be determined, is scheduled for **<u>August 24, 2015</u>** at **10:00 a.m. Counsel and parties must attend** and be prepared to discuss settlement. If a party is a corporation or other legal entity, a person with full settlement authority must be present.

9. A **Settlement Conference,** at which time the trial and final pretrial conference dates may be determined, is scheduled for _____ at _____ a.m./p.m. Counsel and parties must attend and be prepared to discuss settlement. If a party is a corporation or other legal entity, a person with full settlement authority must be present.

**Settlement Report:** Counsel shall confer in person or by phone within seventy-two (72) hours of the status hearing or settlement conference to outline and, if possible, resolve pending matters before the hearing. **At least two (2) business days prior to the settlement conference,** counsel shall **FAX** to the Court (but not file) a single joint, concise (not to exceed 2 pages) settlement report describing:

    (a)    a brief overview of the material facts,
    (b)    the status of discovery including any outstanding discovery issues,
    (c)    the status of settlement negotiations setting forth a demand and corresponding offer. Plaintiff(s) shall have prepared a written description and monetary breakdown of damages claimed.

   and (d) a statement of issues to be addressed by the Court including any pending motions.

The Court's fax number is **330-252-6077**.

  10. **Status Reports:** Beginning forty-five (45) days from the date of this order, counsel shall submit status reports to the Court every forty-five (45) days during the pendency of this matter. Status reports are to <u>briefly</u> state the following: (1) discovery that has occurred during the reporting period; (2) settlement discussions that have occurred during the reporting period; (3) motions that have been filed or remained pending during the reporting period; and (4) any developments that might give rise to a request to deviate from the schedule outlined in this case management plan. These are to be <u>procedural</u> reports; they are not to contain substantive discussions of the merits of any claims or defenses asserted. Failure to file status reports will automatically deprive a party of the right to seek extensions of time to perform any acts required under this order or under any applicable federal or local rule procedure. Repeated failures to file status reports could result in additional sanctions, including dismissal of claims or defenses under Rule 41(b). If any party wishes to disclose, in a status report, sensitive <u>procedural</u> matters (e.g., a request for a settlement conference, or personal reasons why extensions of time are required), that party may submit their status report <u>ex parte</u>.

  11. **Correspondence with the Court:** Parties and counsel are advised that non-motion or pleading correspondence other than referred to in this order is DISCOURAGED. **Telephonic requests, notices, or inquiries are NOT appropriate.**

  12. **Interim Requests for Status Conference:** Parties wishing a conference before the Court on any issues <u>other than discovery disputes</u> (which are covered under paragraph 5 of this Plan) must submit a letter to the Court:

   (a) certifying that counsel have made a good faith effort to resolve those issues, and
   (b) outlining the issue(s) requiring the Court's attention.

12. **Conduct of counsel:** Pursuant to the Statement on Professionalism issued by the Supreme Court of Ohio on February 3, 1997, counsel are directed to be courteous and civil in all oral and written communications with each other and the Court. Pleadings which do not conform to this standard will be rejected.

        **IT IS SO ORDERED.**

**January 27, 2015**           */s/John R. Adams*
**Date**           **John R. Adams**
         **U.S. District Judge**