UNITED STATES DISTRICT
COURT NORTHERN DISTRICT
OF OHIO EASTERN DIVISION

| | |
|---|---|
| ELLORA'S CAVE PUBLISHING, INC., et al., )<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>DEAR AUTHOR MEDIA NETWORK, )<br>LLC, et al., )<br>)<br>*Defendants*. )<br>) | Case No.: 5:14-cv-2331<br><br>Judge John R. Adams<br><br><br>**ORDER AND DECISION** |

This matter results from a letter faxed directly to the Court by a non-party, who identifies itself only as "@pubnt Twitter account." The letter voices objections to a subpoena served on Twitter, Inc. by Defendants, requesting the IP addresses associated with "@pubnt," along with the names and other account information for the registrants of the account. Although the letter was not properly filed, the Court deemed it a motion to quash. Defendants then filed an opposition, and the matter is now ripe for decision. For the following reasons, the motion is DENIED.

The Plaintiffs in this case are publishing companies for romance novels. Plaintiffs allege that Defendants made "false and defamatory statements concerning [Plaintiffs'] financial stability and practices, insinuating that the [Plaintiffs] are on the verge of financial ruin." Doc. 1-1 at 3. As a result, Plaintiffs seek injunctive relief and recovery on claims for defamation.

Defendants have denied these allegations and asserted that the lawsuit was filed to "intimidate [Plaintiffs'] authors, editors, and cover artists into silence, so that they would not dare to speak of their experiences with [Plaintiffs] or attempt to recover money from

1

[Plaintiffs] that they were rightfully owed." Doc. 11 at 2. Therefore, Defendants have filed a counterclaim alleging abuse of process.

With these opposing allegations, the parties are now at the discovery phase of litigation. The Federal Rules of Civil Procedure guide the discovery process. Specifically, Fed.R.Civ.P. 26(b)(1) states:

> …Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and **the identity and location of persons who know of any discoverable matter.** For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1) (emphasis added). The Federal Rules of Evidence outline the test for "relevant evidence:"

> Evidence is relevant if:
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.

Fed.R.Evid. 401.

A subpoena is a mechanism commonly used in the discovery process to obtain relevant documents, deposition testimony, and other information from people and entities who are not parties to the litigation. Fed.R.Civ.P. 45. The person or entity subject to a subpoena must file a motion to quash or modify in order to attempt to avoid the mandates of a subpoena. Fed.R.Civ.P. 45(d)(3). Individuals and entities "affected by a subpoena" may file a motion to quash, along with those who are actually the subject of a particular subpoena. Fed.R.Civ.P. 45(d)(3)(B). "Motions to compel and motions to quash a subpoena are both entrusted to the

sound discretion of the district court." *In re Fitch, Inc.,* 330 F.3d 104, 108 (2d Cir.2003) (internal quotation marks omitted).

Here, @pubnt objects to any information being produced by Twitter that may assist in identifying the "owners" of the account.  However, in the five-page letter, @pubnt does not identify or analyze any basis for quashing or modifying the subpoena permitted under Rule 45. Instead, the letter indicates that the individual or individuals who purport to be the "owners of the '@pubnt' Twitter account" are intimately familiar with the parties in this case, along with the claims and defenses asserted.  They speak adamantly, declaring to all readers that they have witnessed misconduct by Defendants and that they can prove their negative statements about the Defendants.  These facts alone put @pubnt and its "owners" within the confines of Fed.R.Civ.P. 26 and Fed.R.Evid. 401, and therefore, their information is subject to discovery under the subpoena power of the Civil Rules.

In their letter – let alone the actual tweets on the account – the @pubnt "owners" confirm that they have knowledge about the underlying allegations and defenses, such as claims for defamation/libel and the defenses of truth, substantial truth, and lack of malice.  For example, the "owners" state:

- "The Defendant in this case is a vicious troll who leads a gang defaming and harassing successful people and anyone who supports them."  Doc. 31 at 1.
- "If you peruse our Twitter account you will be able to verify every legal argument and statement we have put forward is against the Defendant's case.  You will see clearly that there is nothing we have stated that will support the Defense's case and everything we have said defeats the Defendant's case."  Doc. 31 at 2.
- "This is added proof of Malice [sic] against the Claimant [i.e. Plaintiffs]."  Doc. 31 at 2.

3

- "We present evidence below that the Defendant, Jennifer Gerrish-Lampe, is a vicious troll who runs a gang and maliciously attacks, runs smear campaigns against, libels, stalks, and criminally harasses successful businesses and individuals in the publishing industry."  Doc. 31 at 3.
- "Some years ago [Defendant] Jennifer Gerrish-Lampe and [sic] a similar smear campaign against a small publisher, libeling and defaming the publisher, similar to her current smear campaign she has started against [Plaintiff] Ellora's Cave."  Doc. 31 at 3 (@pubnt then provides a web address purporting to support this allegation).

Simply reading the "owners'" letter demonstrates that they have relevant information that is discoverable in this case.  Merely because the Defendants may be able to obtain certain information from other sources does not render the subpoena unnecessary.  Furthermore, Defendants are entitled to pursue discoverable evidence from the primary source, instead of merely accepting statements by the "owners" that information they have can be procured by other means (especially considering the tenor of their letter shows an almost venomous disregard for Defendants).

Finally, the "owners" identities are not protected by any form of privilege.  The "owners" assert that their statements on Twitter have been an exercise of their First Amendment rights.  No one disputes this point.  However, the exercise of an individual's right to free speech under the First Amendment is irrelevant to the analysis of whether the speaker's identity can be discovered through subpoena.  The "owners" fear reprisal in the future for the statements they have made.  Once their identities are produced, if the "owners" believe they are victims of unlawful conduct, the law provides remedies they can then pursue at that time.

For the reasons stated above, the motion to quash is DENIED, and Twitter, Inc. is instructed to comply with all lawful requirements of the subpoena.

IT IS SO ORDERED.


Dated: 05/20/2015 　　　　　　　　　　　　　　*/s/John R. Adams*　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　**JOHN R. ADAMS**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**