**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

ELLORA'S CAVE PUBLISHING, INC.,
and
JASMINE-JADE ENTERPRISES, LLC,

Case No: 5:14-cv-02331-JRA

Plaintiffs,

v.

DEAR AUTHOR MEDIA NETWORK, LLC,
and
JENNIFER GERRISH-LAMPE,

Defendants.
/

**DEFENDANTS' LIMITED OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE IN PART A PORTION OF DEFENDANTS' REPLY BRIEF**

Defendants Dear Author Media Network, LLC, and Jennifer Gerrish-Lampe (collectively, "Defendants"), hereby file this **limited** opposition to Plaintiffs' Motion to Strike in Part a Portion of Defendants' Reply Brief (Doc. No. 73).

On October 13, 2015, Defendants' filed their Reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment (Doc. No. 71) ("the Reply). In a draft of the Reply, the undersigned included a truthful footnote regarding statements that Plaintiffs' attorney made to the undersigned regarding the timeliness of payments to Mr. Mastrantonio by Plaintiffs, but marked the note for deletion upon considering the potential embarrassment the inclusion could cause to Mr. Mastrantonio. See Declaration of Marc J. Randazza ("Randazza Decl."), attached hereto as **Exhibit 1** at ¶¶ 4-8.

Despite marking the footnote for deletion, the comment was inadvertently included in the final, filed draft of the Reply. Randazza Decl. at ¶ 10. Upon noticing the footnote's presence in the Reply, the undersigned **immediately** reached out to Mr. Mastrantonio apologizing for the inclusion and offering to voluntarily strike the footnote from the Reply. Randazza Decl. at ¶ 11.



**From:** **Randazza Marc John** mjr@randazza.com
**Subject:** Sorry
**Date:** October 14, 2015 at 7:49 AM
**To:** Mastrantonio Steve mastrantonio@nwm-law.com
**Cc:** Serrani Victoria vlserrani@bmdllc.com

Steve,

I filed my reply brief last night with a footnote about you not getting paid. That was supposed to come out of it before it got filed. I made a note to delete it, but in the haste of filing, it got missed. I think I had every right to put it there, but I made the decision not to include it, because I didn't want to embarrass you. Then it went in anyhow. I'm seriously sorry about that.

I can try and remedy it. Although, i'm concerned that doing so might call *more* attention to it.

Let me know what you want me to do. I am sorry. It was inadvertently left there. And, I'm willing to do a fix, if you think it makes sense. I just don't want to try and remedy it and then wind up just calling a lot more attention to an obscure footnote.

______________________________

**Marc John Randazza, JD, MAMC, LLM*** | **Randazza Legal Group, PLLC**
3625 South Town Center Drive | Las Vegas, NV 89135
Tel: 702-420-2001 | Email: mjr@randazza.com

______________________________

* Licensed to practice law in Arizona, California, Florida, Massachusetts, and Nevada.

Randazza Decl. at *Exhibit A*. Despite the undersigned's offer, Mr. Mastrantonio never responded. Randazza Decl. at ¶ 12.

As previously set forth by this court:

> *In re Keithley Instruments, Inc.*, 599 F. Supp. 2d 908, 911 (N.D. Ohio 2009). Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, the court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) are addressed to the sound discretion of the trial court, but are generally disfavored. *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997) (citations omitted). Striking pleadings is considered a drastic remedy to be used sparingly and only when the purposes of justice so require.

*Brown & Williamson Tobacco Corp. v. United States*, 201 F.3d 819, 822 (6th Cir. 1953).

Rule 12(f) does not support Plaintiffs' motion. First, as noted, the statement complained of is true. See **Exhibit 1**. Second, it is material as it tends to support the financial troubles Plaintiffs deny and claim are defamatory.

Finally, **as a matter of law**, the rule does not provide the relief sought. Federal Rule of Civil Procedure 12(f) provides that the Court 'may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."' *Weiss v. PPG Industries, Inc.*, 148 F.R.D. 289, 292 (M.D. Fla. 1993) (emphasis added). According to Fed. R. Civ. P. 7(a), "pleadings" are identified as the complaint and answer, but not motions or other papers. "An affidavit is not a pleading that is subject to a motion to strike under Rule 12(f)." *Scott v. Dress Barn, Inc.*, 2006 U.S. Dist. LEXIS 19501 (W.D. Tenn. Mar. 31, 2006). See also *Fox v. Michigan State Police Dep't*, 173 Fed. Appx. 372 (6th Cir. 2006). For this reason, alone, Plaintiff's motion should be denied. See, *e.g.*, *Lombard v. MCI Telecommunications Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) (motion to strike affidavits and exhibits offered in support of summary judgment denied as improperly brought under Rule 12(f)); *United States v. Crisp*, 190 F.R.D. 546, 550-51 (E.D. Cal. 1999) (A motion to strike under Rule 12(f) is limited to pleadings.); *Young v. Cmty. Assessment & Treatment Servs.*, 2007 U.S. Dist. LEXIS 82288, *21 (N.D. Ohio Nov. 6, 2007) (same).

Defendants further note that Plaintiffs offer no evidence that Defendants are waging any sort of a "public relations war against Plaintiffs' case." Indeed, there is no evidence to be found. The purpose of this accusation is clear – to try and negatively color the Defense. However, should the Plaintiffs wish for Defendants to address this issue in earnest, the Defendants have preserved publications and statements by Ellora's Cave's founder, Tina Engler, about this case, as well as her "sock puppet" twitter account, which would scorch them with hypocrisy – should the court be interested.

The real value of the evidence Plaintiffs offer in support of their Motion is that it shows that there is widespread public interest in Ellora's Cave and thus this controversy, belying any claim that the Plaintiffs are not a public figure as they disingenuously claim.

Although Defendants do not agree that the footnote meets the requirements of Rule 12(f) or that striking is otherwise warranted (and maintain that the statements made in the footnote are truthful), they do consent to the relief requested, but not for the reasons given. They consent because the footnote was not intended to be there in the final draft, and it was unnecessary. The Defendants regret that Plaintiff's counsel declined to allow Defendants to try and remedy this, and instead sought "cheap points" by filing this motion.

Dated October 21, 2015.

Respectfully Submitted,

*/s/ Marc J. Randazza*

Marc J. Randazza, Esq.
Admitted in Northern District of Ohio
RANDAZZA LEGAL GROUP, PLLC
3625 S. Town Center Drive, Suite 150
Las Vegas, Nevada 89135
Tele: 702-420-2001
Email: ecf@randazza.com

Victoria L. Serrani
Ohio Bar No.: 0085012
BRENNAN, MANNA & DIAMOND, LLC
75 East Market Street
Akron, OH 43215
Tele: 330-374-5184
Email: vlserrani@bmdllc.com

*ATTORNEYS FOR DEFENDANTS*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 21, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon counsel for Plaintiffs, via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

Employee,
Randazza Legal Group, PLLC